UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEVIN WOODRUFF, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DE FACTO BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, et al.,<br><br>Defendants. | Case No:  21-cv-06862-SBA<br><br>**ORDER DENYING MOTION TO STRIKE AND DIRECTING PLAINTIFFS TO FILE RESPONSE TO MOTION TO DIMISS**<br><br>Dkt. 26 |

On September 3, 2021, Plaintiffs Kevin Woodruff, Tanya Stutson, and Wanag Tahatan-Bey ("Plaintiffs"), proceeding pro se, initiated the instant action by filing a document titled "Trial by Affidavit," naming as defendants De Facto Barrett Daffin Frappier Treder & Weiss, LLP; Unregister Foreign Bar British Agents; Contra Costa County; Deborah Cooper; Candace Andersen; and David O. Livingston.  Dkt. 1.[1]  The "Trial by Affidavit" is largely incomprehensible and sets forth no discernable factual background, individual causes of action, or demand for relief.

On November 22, 2021, Defendant Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW"), erroneously sued as De Facto Barrett Daffin Frappier Treder & Weiss, LLP, filed a Motion to Dismiss, or in the Alternative, for a More Definite Statement.  Dkt. 22.

---

[1] The Court notes that, although Keven Woodruff and Tanya Stutson are named as plaintiffs in the case caption, the "Trial by Affidavit" is signed only by Wanag Tahatan-Bey.  Dkt. 1 at 7.  Every pleading, motion, and other paper must be signed by each unrepresented party individually.  Fed. R. Civ. P. 11(a); see also Civ. L.R. 3-9(a) ("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court.").  Plaintiffs are advised that a pro se filing represents only the interests of its signatories; a pro se filing is a nullity insofar as it purports to represent the interests of non-signatories.

Pursuant to Civil Local Rule 7-3(a), a response to the motion was due 14 days after the date it was filed. Accordingly, Plaintiffs' response to BDFTW's motion to dismiss was due by December 6, 2021. To date, no response has been filed.

Instead, on December 10, 2021, Wanag Tahatan-Bey filed the instant Petition to Strike Defendants Insufficient Defense and to Compel Defendants Response to/and by Affidavit and with Attorney of Record. Dkt. 26.[2] The Petition to Strike erroneously claims that there is no evidence BDFTW's attorney filed his or her appearance for the record. In fact, BDFTW's attorney of record is Edward A. Treder ("Mr. Treder"), who entered his appearance with the filing of BDFTW's motion to dismiss. See Dkt. 22. The Petition to Strike also suggests that Mr. Treder cannot practice law on behalf of BDFTW. In support of this assertion, the Petition to Strike purports to quote from a case by the New York Court of Appeals—People v. John H. Woodbury Dermatological Inc., 192 N.Y. 454, 454 (1908). Dkt. 26 at 3. The quoted language does not appear in that decision (or any decision cited in the Petition to Strike), however. Nor do any of the cited decisions support the proposition advanced.[3] The Petition to Strike is therefore DENIED.

Regarding BDFTW's motion to dismiss, the Court's Civil Standing Order provides that the failure to file a timely response to a motion may be construed as consent to the relief sought therein. See Dkt. 16-1 ¶ 7. Thus, it is within the Court's discretion to grant BDFTW's motion as unopposed. See Fed. R. Civ. P. 41(b); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal of pro se action for failure to oppose a motion to

---

[2] Like the "Trial by Affidavit," the Petition to Strike is signed only by Wanag Tahatan-Bey. Dkt. 26 at 3.

[3] Although the quoted language in the Petition to Strike contains alterations and omissions, the Court was able to locate the decision from which it appears to have been taken. See People ex rel. Chicago Bar Ass'n v. Chicago Motor Club, 362 Ill. 50 56-57 (1935) ("a corporation can neither practice law nor hire lawyers to carry on the business of practicing law for it"). That case recognizes the now longstanding rule that a corporation may not practice law, even through a licensed attorney, unless it is organized as a professional corporation or association. See Professional services—Law practice, 6 Fletcher Cyc. Corp. § 2524. As BDFTW is organized as a professional association (i.e., an LLP), there is nothing to prohibit BDFTW from practicing law or to prohibit Mr. Treder from representing BDFTW in this action.

dismiss).  Mindful of its obligation to first consider less drastic alternatives to dismissal, however, the Court will afford Plaintiffs one further opportunity to respond to the motion.

Accordingly,

IT IS HEREBY ORDERED THAT:

1.  The Petition to Strike is DENIED.  Dkt. 26.

2.  Plaintiffs shall file and serve a response to BDFTW's motion to dismiss by January 21, 2022.  Plaintiffs are reminded that pro se litigants are required to comply with this Court's orders, as well as all applicable procedural rules, including the Federal Rules of Civil Procedure, the Civil Local Rules, and this Court's Standing Orders.  See King v. Atiyeh, 814 F.2d 556, 567 (9th Cir. 1987).  **IF PLAINTIFFS FAIL TO FILE A TIMELY RESPONSE TO THE MOTION OR TO COMPLY WITH ALL APPLICABLE PROCEDURAL RULES, THE MOTION MAY BE GRANTED AND/OR THE ACTION MAY BE DISMISSED WITHOUT FURTHER NOTICE.**

3.  If Plaintiffs file a response to the motion within the time prescribed, BDFTW shall have until January 28, 2022 to file a reply.

4.  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court will resolve the motion without oral argument.  The hearing set for January 12, 2022 is VACATED.

IT IS SO ORDERED.

Dated: January 10, 2022

_Sandra B. Armstrong_  RS
_____
Richard Seeborg for Saundra B. Armstrong
United States District Judge