UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEVIN WOODRUFF, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DE FACTO BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, et al.,<br><br>  Defendants. | Case No: 21-cv-06862-SBA<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND** |

Plaintiffs Kevin Woodruff ("Woodruff"), Tanya Stutson ("Stutson"), and Wanag Tahatan-Bey ("Tahatan-Bey") (collectively, "Plaintiffs"), proceeding pro se, bring the instant action concerning the "pillaging" of their estate. Defendant Barrett Daffin Frappier Treder & Weiss, LLP ("BDFTW"), erroneously sued as "De Facto Barrett Daffin Frappier Treder & Weiss, LLP," moves to dismiss or, in the alternative, for a more definite statement. The matter is suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b). For the reasons stated below, the motion is granted.[1]

**I.  BACKGROUND**

  **A.  INSTANT ACTION**

On September 3, 2021, Plaintiffs initiated the instant action by filing a document titled Trial by Affidavit. Dkt. 1 ("Affidavit"). The Affidavit is incomprehensible and sets

---

[1] Although Woodruff and Stutson are named as plaintiffs, the pleading is signed only by Tahatan-Bey. Dkt. 1 at 7. Every pleading, motion, and other paper must be signed by each unrepresented party individually. Fed. R. Civ. P. 11(a); see also Civ. L.R. 3-9(a) ("Any party representing him or herself without an attorney must appear personally and may not delegate that duty to any other person who is not a member of the bar of this Court."). Despite having been made aware of this requirement in the order granting Plaintiffs an extension of time to respond to the motion to dismiss, see Dkt. 28 at 1 n.1, their response also is signed only by Tahatan-Bey. The response is therefore a nullity insofar as it purports to represent Woodruff and Stutson, and the motion may be granted as unopposed as to them. In any event, as discussed below, it is also granted on the merits.

forth no discernable factual background or individual claims for relief.  It presents 16 "points," which Plaintiffs assert must be "re-butted" or "stand as truth."  Id. at 4-6.  Points 1 through 8, insofar as they are decipherable, concern BDFTW and its attorneys, who Plaintiffs claim are "unregistered foreign agents" ineligible to practice law.  Id.  Points 9 through 16, insofar as they are decipherable, appear to concern real property located at 2013 Mt. Hamilton Dr. in Antioch, California.  Id.  The Affidavit asks, "By what authority does [BDFTW] to [*sic*] Pillage my estate."  Id.  Plaintiffs seek $250,000 for each violation of the Affidavit, $100 million for "restraint of trade," $100 million for "monopolizing trade," and a deed of reconveyance for the property at 2013 Mt. Hamilton Dr.  Id. at 6.  The Affidavit includes no allegations regarding the other named defendants.

### B.    OTHER ACTIONS

The instant action follows at least three others (two civil actions and one bankruptcy action) filed by Plaintiffs regarding the nonjudicial foreclosure of their home at 2013 Mt. Hamilton Dr. in Antioch, California.  See Case No. 19-cv-01054-WHO; Case No. 19-cv-04300-WHO; Case No. 19-ap-41825-CN.  These prior cases have been dismissed.

As is pertinent here, Case No. 19-cv-04300-WHO, which named BDFTW as a defendant, was dismissed with prejudice on several grounds, including lack of standing, judicial estoppel, and failure to state a claim.  Case No. 19-cv-04300-WHO, Dkt. 50.  The Order Granting Motions to Dismiss stated that Woodruff and Stutson purchased the real property at issue in or about July 2017.  They executed a Deed of Trust in the amount of $454,567.  After assignment of the Deed of Trust, the beneficiary, Nationstar Mortgage LLC, appointed BDFTW as substitute trustee.  BDFTW thereafter recorded a Notice of Default and Election to Sell.  Id. at 1-2.

The Order Granting Motions to Dismiss found Plaintiffs lacked standing to pursue and were judicially estopped from asserting their claims because they failed to schedule the same in their Chapter 7 bankruptcy.  Id. at 7-9.  In finding that the amended complaint also failed to state a claim, the Order observed that Plaintiffs "simply plead[ed] a blanket assertion that the Deed of Trust is void due to allegedly deficient transfers under convoluted

and nonsensical arguments that involve inapplicable law." Id. at 10.  The order then addressed each claim for relief individually.  Id. at 10-13.[2]  Because Plaintiffs had "multiple opportunities to pursue their case in state court, in bankruptcy court and before [the district court]," the action was dismissed with prejudice.  Id. at 13.

After filing the instant action, Plaintiffs filed two additional actions in this district concerning the same subject matter.  See Case No. 21-cv-02145-SBA; Case No. 22-mc-80008-WHO.  As is pertinent here, Case No. 22-cv-80008-WHO, was dismissed with prejudice for failure to state a claim, as well as for lack of standing and based on judicial estoppel.  Dkt. 8.  Leave to amend was denied on the grounds that the issue of judicial estoppel is a bar to suit, Plaintiffs have been unable to state a claim despite having ample opportunity across multiple judicial proceedings, and the continued filing of "frivolous suits with garbled pleadings and briefs that are unresponsive to the issues" smacks of bad faith and dilatory motive.  Id. at 3.  Plaintiffs were cautioned that the filing of such frivolous cases may result in the imposition of monetary sanctions in the future.  Id. at 1.

## II. LEGAL STANDARD

Rule 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  In assessing the sufficiency of a claim, the court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. Cty. of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[2] The action raised seven claims for relief, including restraint of trade in violation of § 1 of the Sherman Act, monopolizing trade in violation of § 2 of the Sherman Act, and violation of the Fair Debt Collection Practices Act ("FDCPA").  In finding Plaintiffs failed to state a claim for violation of the FDCPA, the Order Granting Motions to Dismiss noted that acts of foreclosing on a property pursuant to a deed of trust are not "debt collection," and creditors, mortgagors and mortgage servicers are not "debt collectors," for purposes of the FDCPA.  Case No. 19-cv-04300-WHO, Dkt. 50 at 11-12.

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Where a litigant is proceeding pro se, the court construes his pleadings liberally and affords him the benefit of any doubt. Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012). Nonetheless, pro se pleadings "must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." Brazil v. U.S. Dep't of Navy, 66 F.3d 193, 199 (9th Cir. 1995).

### III.   DISCUSSION

The Affidavit, insofar as it may be construed liberally as a complaint, fails to set forth any discernable claim for relief. It likewise fails to set forth any factual averments. Indeed, without reference to the order issued in Case No. 19-cv-04300-WHO, not even the most basic facts (e.g., the nature of the dealings between Plaintiffs and BDFTW) can be gleaned. The Affidavit sets forth various "points"—which consist of wholly unsupported and fanciful allegations (e.g., BDFTW and its attorneys are "unregistered foreign agents")—that Plaintiffs assert will stand as fact unless rebutted by BDFTW. It thus appears the Affidavit has no factual basis whatsoever. The Affidavit also fails to cite any legal authority. For example, it cites no authority, and none can be found, to support the notion that unregistered foreign agents are ineligible to practice law. For all these reasons, the action is frivolous and shall be dismissed.[3]

Dismissal of a pro se complaint without leave to amend is proper where "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007). The only claims for relief alluded to in the Affidavit—in the form of a request for damages—are restraint of trade and

---

[3] Plaintiffs also name as defendants Deborah Cooper, Contra Costa County Clerk; Candace Andersen, Board Chair Supervisor; and David O. Livingston, Contra Costa County Sheriff, but allege no claims against these defendants. Indeed, the allegations of the Affidavit concern only BDFTW; there are no allegations as to any other defendant. The defendants other than BDFTW have not appeared, and it is apparent that any attempt at service was ineffective. See Dkt. 20 & 21 (claiming service was made by mailing a copy of the Affidavit via FedEx). In view of the foregoing, the action against the other named defendants is dismissed for the same reasons that the action against BDFTW is dismissed.

monopolizing trade. These same claims were raised and rejected in Case No. 19-cv-04300-WHO, not only on the ground that Plaintiffs failed to state a claim, but also on the ground that they lack standing and are judicially estopped from bringing the same. In their opposition to the motion to dismiss, Plaintiffs allege no new facts and identify no new claims that they might add to an amended pleading. See Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003) (courts should consider facts raised for the first time in opposition papers to determine whether to grant leave to amend or dismiss a complaint with or without prejudice). The opposition mentions the FDCPA; however, a claim for violation of the FCDPA also was raised and rejected in Case No. 19-cv-04300-WHO. In sum, despite having ample opportunity across several judicial proceedings, Plaintiffs have repeatedly failed to state a claim. See Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (leave to amend may be denied where plaintiffs have "repeatedly failed to cure deficiencies" in their pleadings). Accordingly, leave to amend is denied.

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT the motion to dismiss is granted and the action is dismissed in its entirety without leave to amend. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 6/8/2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge