UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KEVIN WOODRUFF, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>DE FACTO BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP, et al.,<br><br>　　　　Defendants. | Case No: 21-cv-06862-SBA<br><br>**ORDER ON MOTION FOR RECONSIDERATION** |

Plaintiffs Kevin Woodruff, Tanya Stutson, and Wanag Tahatan-Bey ("Plaintiffs"), proceeding pro se, initiated this action by filing a document titled "Trial by Affidavit." Dkt. 1.  The Trial by Affidavit set forth no discernable factual background or individual claims for relief; rather, it presented "points" that, according to Plaintiffs, had to be "re-butted" or "stand as truth." Id. at 4.  Defendant Barrett Daffin Frappier Treder & Weiss, LLP, erroneously sued as "De Facto Barrett Daffin Frappier Treder & Weiss, LLP," moved to dismiss or, in the alternative, for a more definite statement.  Dkt. 22.  On June 8, 2022, an Order Granting Motion to Dismiss Without Leave to Amend ("Dismissal Order") issued, Dkt. 36, and judgment was entered, Dkt. 37.

On June 17, 2022, Plaintiffs filed a Notice of Appeal, Dkt. 38, and a "Petition for Reconsideration Pursuant to Civil Procedure Section 1008," Dkt. 40.  In the petition, Plaintiffs seek reconsideration of the Dismissal Order under California Code of Civil Procedure § 1008.  "It is well-settled that the Federal Rules of Civil Procedure apply in federal court, 'irrespective of the source of the subject matter jurisdiction, and irrespective of whether the substantive law at issue is state or federal." Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (quotation marks and citations omitted); see also Fed. R.

Civ. P. 1. ("These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81."). The petition is therefore construed as a motion for reconsideration under Federal Rule of Civil Procedure 59(e).

As a threshold matter, jurisdiction to adjudicate the motion for reconsideration is uncertain. "The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." Davis v. United States, 667 F. 822, 824 (9th Cir. 1982). A notice of appeal does not divest the district court of jurisdiction if, at the time it was filed, "there was a pending motion for reconsideration." United Nat'l Ins. Co. v. R&D Latex Corp., 242 F.3d 1102, 1109 (9th Cir. 2001) (citing Fed. R. App. P. 4(a)(4)(B)(i)). However, the district court lacks jurisdiction to entertain a motion for reconsideration that is "filed after the notice of appeal has been filed[.]" Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004) (citing Williams v. Woodford, 384 F.3d 567, 586 (9th Cir. 2004) (vacating order denying motion for reconsideration for lack of jurisdiction where the motion was filed after the notice of appeal and the movant did not follow the procedure for seeking a remand of the case back to the district court); Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir. 1992) (en banc) (same)).

Here, the notice of appeal and motion for reconsideration were filed on the same day. There is no clear authority regarding the jurisdiction of the district court to entertain a motion for reconsideration that is filed simultaneously with a notice of appeal. See Perfumebay.com v. eBay, Inc., No. CV 04-1358-WDK (SSX), 2005 WL 8180704, at *1 (C.D. Cal. Dec. 6, 2005) (and authorities cited therein). Notably, the notice of appeal was docketed before the motion for reconsideration. Because the motion for reconsideration was not "pending" when the notice of appeal was filed, jurisdiction may be lacking. See, e.g., ConocoPhillips Co. v. Milestone Pac. Properties, LLC, No. C 10-00079 SBA, 2010 WL 4608223, at *1 (N.D. Cal. Nov. 3, 2010). If so, "the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." Williams, 384 F.3d at 586 (quotation marks and citations omitted). Plaintiffs have not moved for remand.

In the interest of judicial economy, however, the motion for reconsideration shall be addressed on the merits. A district court may properly reconsider a prior order under Rule 59(e) if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Smith v. Clark Cty. Sch. Dist., 727 F.3d 950, 955 (9th Cir. 2013) (quotation marks and citation omitted). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003). A motion for reconsideration "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (internal quotation marks omitted).[1]

Plaintiffs do not identify newly discovered evidence or an intervening change in controlling law. Nor do they identify any clear error or injustice. Rather, Plaintiffs merely rehash issues underlying the motion to dismiss. For example, Plaintiffs complain that the district court faulted the Trial by Affidavit for failing to set forth claims for relief instead of "making [a] decision based upon the law (NESARA) or (FDCPA)…." Pet. at 3. However, in addition to stating that the Trial by Affidavit failed to set forth individual claims, the Dismissal Order noted that Plaintiffs' opposition mentioned the Fair Debt Collections Practices Act ("FDCPA") and found that leave to amend to allege such a claim was unwarranted. Dismissal Order at 5. Plaintiffs offer no argument challenging the merits of that finding.[2] Plaintiffs also complain that they "filed Trial by Affidavit, for Equity Maxims remedy 'Affidavit stand as true unless rebutted,'" but the action was

---

[1] In addition to seeking to alter or amend a judgment under Rule 59(e), a party may seek relief from a judgment under Rule 60(b). Plaintiffs do not seek relief under Rule 60(b) and none of the enumerated grounds upon which such a motion may rest are satisfied here.

[2] The Dismissal Order did not address "NESARA," which was not raised in the Trial by Affidavit. Plaintiffs could have raised this purported "law" in their opposition to the motion to dismiss but failed to do so. Notably, insofar as "NESARA" refers to the National Economic Stabilization and Recovery Act, no such law has been enacted. See https://www.usatoday.com/story/news/factcheck/2022/04/13/fact-check-no-congress-has-not-passed-nesara/9515254002/ (last accessed June 28, 2022).

"recharacterized" as a civil complaint.  Pet. at 2.  This argument, which also could have been raised in response to the motion to dismiss, is without merit.  Plaintiffs filed this as a civil action; it was not "recharacterized" by the court.  Additionally, there is no mechanism in law or equity for a "Trial by Affidavit."  Plaintiffs cite no authority to the contrary.

Accordingly, assuming jurisdiction exists to entertain Plaintiffs' motion for reconsideration, it is denied.  Alternatively, should jurisdiction be lacking, this order serves as notice that the district court does not wish to entertain or grant such a motion and a request to remand the action for that purpose is unwarranted.

IT IS SO ORDERED.

Dated: 7/1/2022

_____ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge